**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

**CIVIL ACTION NO. 07-661-C**

**AMERICAN CASUALTY OF READING, ET AL.,**                                  **PLAINTIFFS,**

**V.**                  <u>**COURT'S INSTRUCTIONS TO THE JURY**</u>

**STEVENS TRANSPORT, INC., ET AL.,**                                           **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

MEMBERS OF THE JURY:

Now that you have heard all of the evidence, it becomes my duty to give you the instructions of the Court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

INSTRUCTION NO. 1


Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. The law is no respecter of persons, and all persons, including corporations and other organizations, stand equal before the law and are to be dealt with as equals in a court of justice.

INSTRUCTION NO. 2


As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

The parties have agreed, or stipulated, to certain matters. A stipulation is an agreement between both sides that certain facts are true, that a person can give certain testimony, or a certain exhibit is what it purports to be. This means that both sides agree that any such "stipulation" is a fact, which you must treat as having been proved.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollections and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

INSTRUCTION NO. 3


There are two types of evidence you may consider. One is direct evidence, such as testimony of an eyewitness. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. The other is indirect or circumstantial evidence, which is the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

INSTRUCTION NO. 4

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to a witness's testimony. In weighing the testimony of a witness, you should consider the witness's relationship to the plaintiffs or to the defendants; the witness's interest, if any, in the outcome of the case; the witness's manner of testifying; the witness's opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness's candor, fairness, and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

INSTRUCTION NO. 5

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue in this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

INSTRUCTION NO. 6


When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his opinion as to those technical matters and may also state their reasons for their opinions. That person is called an expert witness. You are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

INSTRUCTION NO. 7


Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

INSTRUCTION NO. 8


As the plaintiff in a civil action such as this, Paschall Truck Lines has the burden to prove every essential element of its claim against Stevens Transport and Michael Norris by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If Paschall Truck Lines should fail to establish any essential element of its claim by a preponderance of the evidence, the jury should find for Stevens Transport and Michael Norris as to that claim.

INSTRUCTION NO. 9

It was the duty of Michael Norris in operating the Stevens Transport vehicle to exercise ordinary care for his own safety and for the safety of the other persons using the interstate highway, and this general duty included the following specific duties:

(a) to keep a lookout ahead for other vehicles in front of him or so near his intended line of travel as to be in danger of collision;

(b) to have his vehicle under reasonable control;

(c) to drive at a speed no greater than was reasonable and prudent, having regard for the traffic and for the condition and use of the interstate, and not exceeding 65 miles per hour;

AND

(d) to exercise ordinary care generally to avoid collision with other persons or vehicles using the interstate highway.

All of these duties are subject, however, to this qualification: that if immediately before the accident, a white box truck suddenly and unexpectedly turned or moved into the path of Norris' vehicle at a point so close that it appeared to Norris in the exercise of reasonable judgment that he was in imminent danger of collision with the white box truck, and if the emergency thus presented was not caused or brought on by any failure by Norris to perform his duties as above set forth, he was not thereafter required to adopt the best course possible in order to avoid the apparent danger but was required to exercise only such care as the jury would expect an ordinarily prudent commercial driver to exercise under the same conditions and circumstances.

If you find from the evidence that Michael Norris failed to comply with this duty and that such failure was a substantial factor in causing the accident, you will find, at least in part, for the plaintiff, Paschall Truck Lines.

INSTRUCTION NO. 10

It was the duty of Jill Cantrell in operating the Paschall Truck Lines vehicle to exercise ordinary care for her own safety and for the safety of the other persons using the interstate highway, and this general duty included the following specific duties:

    (a)    to park or stop the vehicle she was operating so as not to pose a hazard to traffic on the interstate;

    (b)    to place warning devices to mark the location of her vehicle as soon as possible, but in any event within ten (10) minutes;

AND

    (c)    to exercise ordinary care generally to avoid collision with other persons or vehicles using the interstate highway.

If you find from the evidence that Jill Cantrell failed to comply with this duty and that such failure was a substantial factor in causing the accident, you will find, at least in part, for the defendants, Michael Norris and Stevens Transport.

# INSTRUCTION NO. 11

"Ordinary care" means such care as the jury would expect an ordinarily prudent person to exercise under similar circumstances.

Whether conduct was a "substantial factor" in causing harm refers to whether the conduct had such an effect in producing the harm as to lead reasonable persons to regard the conduct as a cause of the harm. The designation is intended to separate a "substantial factor" from the many other events or actions without which the harm would not have occurred but which, because of their insignificant contribution to harm, would not be thought of as causes of the harm by the ordinary mind.

INSTRUCTION NO. 12


Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

# INSTRUCTION NO. 13

Upon retiring to the jury room you should first select one person to act as your foreperson who will preside over your deliberations and speak for you here in court. A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please write down your message or question, signed by the foreperson, and pass the note to the court security office who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 07-661-C**

**AMERICAN CASUALTY OF READING, ET AL.,**                              **PLAINTIFFS,**

**V.**                             **VERDICT FORM**

**STEVENS TRANSPORT, INC., ET AL.,**                                  **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

INTERROGATORY NO. 1

As set forth in Instruction No. 9, do you find by a preponderance of the evidence that, on the date of the accident, Michael Norris failed to exercise ordinary care in his operation of the Stevens Transport tractor trailer?

Answer Yes or No.

Yes   ____                                   No   ____

                                                         _____
                                                         Foreperson

                                                         _____
                                                         Date

If you answered "Yes" to Interrogatory No. 1, then proceed to Interrogatory No. 2.

If you answered "No" to Interrogatory No. 1, then you have found for the defendants on this claim. PROCEED NO FURTHER and notify the Court Security Officer that you have reached a verdict.

INTERROGATORY NO. 2

Do you find by a preponderance of the evidence that Michael Norris's failure to exercise ordinary care in his operation of the Stevens Transport tractor trailer was a substantial factor in causing the accident?

Answer Yes or No.

Yes ____          No ____

                                        _____
                                        Foreperson

                                        _____
                                        Date

If you answered "Yes" to Interrogatory No. 2, then proceed to Interrogatory No. 3.

If you answered "No" to Interrogatory No. 2, then you have found for the defendants on this claim. PROCEED NO FURTHER and notify the Court Security Officer that you have reached a verdict.

INTERROGATORY NO. 3

As set forth in Instruction No. 10, do you find by a preponderance of the evidence that, on the date of the accident, Jill Cantrell failed to exercise ordinary care in her operation of the Paschall Truck Lines tractor trailer?

Answer Yes or No.

Yes ____                                         No ____


_____
Foreperson

_____
Date

If you answered "Yes" to Interrogatory No. 3, then proceed to Interrogatory No. 4.

If you answered "No" to Interrogatory No. 3, then you have found for the plaintiffs on this claim.  PROCEED NO FURTHER and notify the Court Security Officer that you have reached a verdict.

INTERROGATORY NO. 4

Do you find by a preponderance of the evidence that, on the date of the accident, Jill Cantrell's failure to exercise ordinary care in her operation of the Paschall Truck Lines tractor trailer was a substantial factor in causing the accident?

Answer Yes or No.

Yes ____          No ____


_____
Foreperson

_____
Date

If you answered "Yes" to Interrogatory No. 4, then proceed to Interrogatory No. 5.

If you answered "No" to Interrogatory No. 4, then you have found for the plaintiffs on this claim. PROCEED NO FURTHER and notify the Court Security Officer that you have reached a verdict.

INTERROGATORY NO. 5

If you answered "Yes" to Interrogatory Nos. 1, 2, 3, and 4, you have determined that both Michael Norris and Jill Cantrell were at fault. You shall determine from the evidence and indicate in the following blank spaces what percentage of the total fault is attributable to each of the parties. In determining the percentages of fault, you shall consider both the nature of the conduct of each of the drivers that you have found to be at fault and the extent of the causal relation between his/her conduct and the damages claimed.

    Michael Norris/Stevens Transport    _____%

    Jill Cantrell/Paschall Truck Lines    _____%

    Total: 100%

_____
Foreperson

_____
Date

PROCEED NO FURTHER and notify the Court Security Officer that you have reached a verdict.